**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-2205**

---

MARIA SUSANA NAVARRETE-MELGAR,

       Petitioner,

    v.

TODD BLANCHE, Acting Attorney General,

       Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued:  March 17, 2026                    Decided:  August 6, 2026

---

Before KING, GREGORY, and THACKER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ARGUED:**  Ishan Anand, IMMIGRANTS FIRST, PLLC, Manassas, Virginia, for Petitioner.  Sunah Lee, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Lisa Shea, IMMIGRANTS FIRST, PLLC, Manassas, Virginia, for Petitioner.  Yaakov M. Roth, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Andrew N. O'Malley, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

By its decision of November 2024, the Board of Immigration Appeals (the "BIA") dismissed petitioner Maria Susana Navarrete-Melgar's appeal from the November 2019 decision of an immigration judge ("IJ") denying Navarrete-Melgar relief and ordering her removed to her home country of El Salvador.  Navarrete-Melgar has filed a petition for review in this Court, asserting that the BIA erred in (1) rejecting her contention that the IJ lacked jurisdiction over her removal proceedings as a result of a defect in her Notice to Appear and (2) otherwise upholding the IJ's denial of relief.  As explained herein, we deny Navarrete-Melgar's petition.

I.

Navarrete-Melgar and her minor daughter entered the United States without inspection in early April 2016 by crossing the southern border, soon encountering immigration authorities.[1]  On April 16, 2016, an asylum officer conducted a credible fear interview of Navarrete-Melgar and found that she demonstrated a credible fear of return to El Salvador.

The Notice to Appear followed, ordering Navarrete-Melgar (who was then residing in northern Virginia) to make an initial appearance before an IJ in Arlington, Virginia.  The Notice to Appear was dated April 18, 2016, served on Navarrete-Melgar two days later,

---

[1] Navarrete-Melgar and her daughter were initially in consolidated removal proceedings, but the BIA later granted the daughter's motion to sever and dismiss the proceedings pertaining to her.

and filed in the Arlington immigration court on May 10, 2016. Although the Notice to Appear specified the place for Navarrete-Melgar's initial appearance (i.e., the Arlington immigration court), it did not specify the date or time (instead saying the date and time were "To Be Determined").

Pursuant to separate notices (each labeled a "Notice of Hearing") that did include a date and time, Navarrete-Melgar thereafter made an initial appearance in the Arlington immigration court on June 21, 2016, and appeared for a master hearing on October 25, 2016. During the master hearing, Navarrete-Melgar admitted the factual allegations in the Notice to Appear and conceded her removability. That same day, she filed an application for asylum and withholding of removal under the Immigration and Nationality Act, as well as for protection under the Convention Against Torture.

During a subsequent individual hearing of November 19, 2019, Navarrete-Melgar testified and presented other evidence to corroborate her claims. At the conclusion of the hearing, the IJ issued the decision denying Navarrete-Melgar relief and ordering her removed to El Salvador. The IJ's decision was principally based on an adverse credibility determination against Navarrete-Melgar, resulting from various inconsistencies between her hearing testimony and her other evidence, application for relief, and prehearing statements to immigration authorities. The IJ specified that Navarrete-Melgar provided neither credible testimony nor other evidence independently sufficient to corroborate her claims. Alternatively, the IJ ruled that even if Navarrete-Melgar's testimony were credited, she yet would not qualify for relief.

3

In her multiple appearances before the IJ, Navarrete-Melgar never made an issue of the defect in the Notice to Appear, that defect being the Notice to Appear's failure to specify the date and time for Navarrete-Melgar's initial appearance. In her appeal to the BIA, however, Navarrete-Melgar raised the defect, contending that it deprived the IJ of jurisdiction over her removal proceedings and that the proceedings should thus be terminated. For support, Navarrete-Melgar invoked the Supreme Court's decisions in *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which recognized a statutory requirement under 8 U.S.C. § 1229(a)(1) for a Notice to Appear to specify the time and place of the hearing. Along with her jurisdictional challenge, Navarrete-Melgar contested the IJ's decision on the merits.

On November 8, 2024, the BIA issued its decision, dismissing Navarrete-Melgar's appeal. In rejecting Navarrete-Melgar's jurisdictional challenge, the BIA explained that pursuant to Fourth Circuit and BIA precedents — specifically, *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019), and *In re Arambula-Bravo*, 28 I. & N. Dec. 388 (BIA 2021) — the statutory time-and-place requirement is not a jurisdictional requirement, such that the defect in her Notice to Appear did not implicate the IJ's jurisdiction over her removal proceedings. Relying on its decision in *In re Fernandes*, 28 I. & N. Dec. 605 (BIA 2022), the BIA further explained that the time-and-place requirement is instead a claim-processing rule subject to waiver and forfeiture if an objection to a noncompliant Notice to Appear is not timely made. The BIA concluded that, because Navarrete-Melgar never complained to the IJ that her Notice to Appear was defective, she waived or forfeited enforcement of the time-and-place requirement.

As for Navarrete-Melgar's challenge to the IJ's decision on the merits, the BIA rejected that challenge and upheld the IJ's decision based on the adverse credibility finding against Navarrete-Melgar, as well as the lack of other evidence independently sufficient to corroborate her claims. In these circumstances, the BIA deemed it unnecessary to review the IJ's alternative ruling that, even if credited, Navarrete-Melgar's testimony would not qualify her for relief.

Navarrete-Melgar timely petitioned for our review of the BIA's decision, and we possess jurisdiction pursuant to 8 U.S.C. § 1252(a).

## II.

As heretofore explained, Navarrete-Melgar asserts that the BIA erred in (1) rejecting her contention that the IJ lacked jurisdiction over her removal proceedings as a result of the defect in her Notice to Appear and (2) otherwise upholding the IJ's denial of relief. We address those issues in turn.

### A.

#### 1.

Whether the IJ was deprived of jurisdiction by the defect in Navarrete-Melgar's Notice to Appear — the lack of a hearing date and time — is a legal question that we review de novo. *See Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 (4th Cir. 2020). To be sure, the Supreme Court has recognized that 8 U.S.C. § 1229(a)(1) requires a Notice to Appear to specify the time and place of the hearing. *See Pereira v. Sessions*, 585 U.S. 198, 201-02, 209 (2018); *Niz-Chavez v. Garland*, 593 U.S. 155, 159 (2021). But the Court did not decide

5

in either *Pereira* or *Niz-Chavez* (nor has it determined in any other case) whether the statutory time-and-place requirement is a jurisdictional requirement.[2]

Significantly, by a published and thus precedential opinion, a three-judge panel of our Court ruled post-*Pereira* and pre-*Niz-Chavez* that the statutory time-and-place requirement is not a jurisdictional requirement. *See United States v. Cortez*, 930 F.3d 350, 358 (4th Cir. 2019) (concluding that a Notice to Appear's failure to include a date and time for the relevant hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'"). Other panels of our Court have since adhered to *Cortez*. *See, e.g.*, *Cedillos-Cedillos*, 962 F.3d at 823 (recognizing that *Cortez* "squarely foreclose[s]" the argument that a noncompliant Notice to Appear deprives an IJ of jurisdiction). That includes panels acting in the wake of *Niz-Chavez*, albeit by unpublished and thus nonprecedential opinions. *See, e.g.*, *United States v. Vasquez Flores*, No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (observing that "*Niz-Chavez*'s reasoning does not undermine the reasoning in *Cortez*").

---

[2] Rather than involving a jurisdictional issue, *Pereira* and *Niz-Chavez* presented the question of what qualifies as a Notice to Appear sufficient to trigger the "stop-time rule," i.e., the rule that the government's service of a Notice to Appear under 8 U.S.C. § 1229(a) ends a noncitizen's period of continuous presence in the United States for purposes of eligibility for certain discretionary relief. *See* 8 U.S.C. § 1229b(d)(1)(A). In *Pereira*, the Supreme Court held that because § 1229(a)(1) requires a Notice to Appear to specify the time and place of the hearing, "[a] notice that does not inform a noncitizen when and where to appear" fails to qualify as a Notice to Appear under § 1229(a) and thus "does not trigger the stop-time rule." *See* 585 U.S. at 201-02. Thereafter, in *Niz-Chavez*, the Court rejected the government's theory that it could trigger the stop-time rule by "piecemeal" notices and instead resolved that "a single fully compliant document" is necessary. *See* 593 U.S. at 160-72.

The BIA has similarly determined that the statutory time-and-place requirement is not a jurisdictional requirement. *See In re Arambula-Bravo*, 28 I. & N. Dec. 388, 391 (BIA 2021) (explaining that "[t]he absence of the information required by [§ 1229(a)(1)] is not a 'jurisdictional defect'" and that "neither *Pereira* nor *Niz-Chavez* purport[s] to require termination of removal proceedings for lack of jurisdiction based on [such an] absence of information"). Rather, the BIA considers the statutory time-and-place requirement to be a claim-processing rule that is "mandatory" in the sense that it "must be enforced if it is properly raised." *See In re Fernandes*, 28 I. & N. Dec. 605, 608 (BIA 2022). "Thus," according to the BIA, "if a respondent does not raise an objection to a [noncompliant Notice to Appear] in a timely manner, such an objection is waived or forfeited." *Id.* at 609. Pursuant to *Fernandes*, the BIA "will generally consider an objection . . . to be timely if it is raised prior to the closing of pleadings before the [IJ]." *Id.* at 610-11.

2.

Here, notwithstanding our *Cortez* opinion and the other contrary precedents, Navarrete-Melgar continues to insist that the statutory time-and-place requirement is a jurisdictional requirement. *See* Br. of Pet'r 14-15. As such, she contends that "[t]he BIA erred in rejecting [her] argument that the IJ lacked jurisdiction over her claims." *Id.* at 14. Although Navarrete-Melgar invoked the Supreme Court's decisions in both *Pereira* and *Niz-Chavez* in her appeal to the BIA, she now cites only *Niz-Chavez* (decided in 2021 while her BIA appeal was pending), without citing *Pereira* (decided in 2018 while her IJ proceedings were ongoing). As part of her jurisdictional contention, Navarrete-Melgar asserts that — because "the issue of subject matter jurisdiction can be raised at any state in

7

a proceeding, even post-trial" — the BIA erred in ruling that she waived or forfeited enforcement of the time-and-place requirement by not complaining to the IJ that her Notice to Appear was defective. *Id.* at 15.

In the alternative, Navarrete-Melgar argues that even if the time-and-place requirement is a claim-processing rule rather than a jurisdictional requirement, the BIA erred by deeming her objection untimely and thereby waived or forfeited under its *Fernandes* decision. *See* Br. of Pet'r 16. Notably, Navarrete-Melgar does not assert that *Fernandes* was wrongly decided. Instead, Navarrete-Melgar maintains that because *Fernandes* was not decided until 2022 (after her IJ proceedings ended in 2019 and while her BIA appeal was pending), she "*could not* raise her objection to the defective [Notice to Appear]" at any point during the IJ proceedings. *Id.* (emphasis added).

3.

Of course, we must adhere to our *Cortez* opinion and reject Navarrete-Melgar's contention that the statutory time-and-place requirement is a jurisdictional requirement. In our Court, it is a "basic principle that one panel cannot overrule a decision issued by another panel." *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc). Consequently, a published panel opinion remains binding unless and until it has been overruled by an intervening decision of our en banc Court or the Supreme Court. *Id.* at 333. Although Navarrete-Melgar relies on the Supreme Court's *Niz-Chavez* decision for her jurisdictional contention in this Court, she provides no basis for saying that *Niz-Chavez* overruled *Cortez*. Moreover, we agree with our Court's unpublished and nonprecedential — but persuasive — panel opinion in *Vasquez Flores* that "*Niz-Chavez*'s reasoning does

8

not undermine the reasoning in *Cortez*." *See Vasquez Flores*, 2021 WL 3615366, at *2 n.3.

We also reject Navarrete-Melgar's alternative theory that even if the time-and-place requirement is a claim-processing rule rather than a jurisdictional requirement, the BIA erred by deeming her objection untimely under its *Fernandes* decision. Without assessing the merits of *Fernandes* (as Navarrete-Melgar does not assert that it was wrongly decided), we consider only her contention that she "could not" complain to the IJ about the defective Notice to Appear because *Fernandes* post-dated her IJ proceedings. This contention is not well-taken, in that Navarrete-Melgar was put on notice of the defect in her Notice to Appear at least by 2018 — when the Supreme Court issued its *Pereira* decision while the IJ proceedings were ongoing — yet for some unexplained reason waited until her BIA appeal to finally raise her objection. As we have recognized in similar circumstances, the BIA therefore "correctly ruled that this did not qualify as a timely objection under *In re Fernandes*." *See Amador Hernandez v. Bondi*, No. 24-1448, 2025 WL 655592, at *2 (4th Cir. Feb. 28, 2025) (unpublished). To be clear, the critical problem for Navarrete-Melgar is not that she missed *Fernandes*'s general deadline for a timely objection by failing to object prior to the closing of pleadings before the IJ. It's that she never raised an objection to the IJ at all.

### B.

Turning to whether the BIA otherwise properly upheld the IJ's denial of relief to Navarrete-Melgar, we review both the BIA's and the IJ's decisions. *See Cabrera v. Garland*, 21 F.4th 878, 883 (4th Cir. 2022) (explaining that "if the BIA affirms and adopts

9

an IJ's decision and includes its own reasons for affirming, this Court reviews both decisions" (citation modified)).  Our review is limited to the grounds on which the BIA relied, i.e., the adverse credibility determination against Navarrete-Melgar and the lack of other evidence independently sufficient to corroborate her claims.  *See Mulyani v. Holder*, 771 F.3d 190, 196 (4th Cir. 2014) (cautioning "that review of an IJ decision is permissible only to the extent that the BIA adopted it").

We review the adverse credibility determination and other findings of fact for substantial evidence, "a narrow and deferential review."  *See Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016) (citation modified).  With respect to the adverse credibility determination, we are obliged to "assess whether the IJ or BIA identified non-speculative, specific, cogent reasons in support of [that determination]."  *See Hui Pan v. Holder*, 737 F.3d 921, 928 (4th Cir. 2013) (citation modified).  We must also bear in mind that "an adverse credibility finding is generally fatal to [a noncitizen's claims] unless [she] proves [her claims] through evidence independent of [her] own testimony."  *Id.* at 930.

Upon careful consideration of the BIA's and IJ's decisions, the administrative record, and the briefs and oral arguments of the parties, we conclude that substantial evidence supports not only the adverse credibility determination against Navarrete-Melgar, but also the determination that she lacked other evidence independently sufficient to corroborate her claims.  We therefore reject Navarrete-Melgar's contention that the BIA erred in upholding the IJ's denial of relief.

III.

Pursuant to the foregoing, we are constrained to deny Navarrete-Melgar's petition for review.

*PETITION DENIED*